UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREENWOOD 950, LLC                                CIVIL ACTION NO. 10-cv-0419

VERSUS                                            JUDGE WALTER

CHESAPEAKE LOUISIANA, LP                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is Plaintiff's Motion to Compel and For Sanctions (Doc. 32). The discovery dispute arose during the deposition of Defendant Chesapeake's expert, James Young, when Plaintiff's counsel asked Mr. Young questions regarding conversations and emails between Mr. Young and Jimmy Doolittle, a Chesapeake landman.[1]

During Mr. Young's deposition, counsel for Defendant objected to Plaintiff's counsel's questions regarding communications between Young and Doolittle as follows:

> I'm going to have to object because Jimmy Doolittle was acting under the behest of Jonice Mezeire who is Chesapeake's in-house counsel, so consultations in anticipation of litigation, and this was also after your clients sent the demand letter. And as a consulting expert, those discussions through Jonice Meziere are privileged.

Young Depo. at 31. Following a break in the deposition, counsel for Defendant maintained (and clarified) the nature of the objection:

---

[1] Plaintiff's counsel represents that Mr. Doolittle possesses a law degree, but he has never been licensed to practice law. For the purpose of this order, therefore, the court assumes that Mr. Doolittle was not acting as an attorney for Defendant.

> Mr. Young was retained as a consulting expert in anticipation of litigation after the plaintiff submitted a demand letter....
>
> Jimmy Doolittle is an employee of Chesapeake. Mr. Young was consulting with his client, Jimmy Doolittle, an employee of Chesapeake, at the direction of Jonice Mezeire, Chesapeake's attorney, on this matter. And, therefore, those communications are privileged.
>
> To the extent counsel seeks communications and information related to a draft report, that is protected under work product privilege ...."

Young Depo. at 36-37.

Defendant represents that Mr. Young was initially retained as a consulting expert, and it points out that Mr. Young completed his initial report more than five months *before* Plaintiff filed suit. According to Defendant, the fact that it later designated Mr. Young as a testifying expert witness, more than one year after he produced his initial report, does not nullify Mr. Young's role as a consulting expert at the time he communicated with Defendant.

Plaintiff argues that once a party decides to make its consulting expert a trial expert witness, all protections afforded a consulting expert are gone, and the witness is only entitled to the protections afforded a testifying expert. Otherwise, Plaintiff argues, a party would be able to communicate with an expert, have that expert form opinions, and then prevent the other party from discovering the factual basis of that opinion because the communications occurred while the expert was supposedly only a "consulting expert." Plaintiff also argues

that Mr. Young's initial report is discoverable because there was no lawsuit pending at the time the document was drafted, so Rule 26 was inapplicable.

Plaintiff's Motion to Compel and For Sanctions is **granted in part and denied in part**. Consulting experts, i.e., experts who are not retained to testify at trial, are not subject to the same disclosure requirements of testifying experts. In general, facts known and opinions held by consulting experts are discoverable only on a showing of exceptional circumstances. Rule 26(b)(4)(D)(ii); Umpqua Bank v. First American Title, 2011 WL 997212 (E.D. Cal. 2011). While Mr. Young may have started out as a consulting expert, any privilege assertable by him in that capacity was lost by his subsequent designation for trial as a testifying expert. See Chevron v.Camp, 2010 WL 3418394 (W.D. N.C., Aug. 30, 2010)("[A]ny consulting expert privilege assertable by Mr. Champ has been clearly waived inasmuch as it has been clearly shown that Mr. Champ became a testifying expert when he conveyed, shared, or otherwise provided his own expertise to the soon to be court appointed independent... expert...."). See also, Chevron v. Stratus, 2010 WL 3923092 (D. Colo. 2010)("[A]ny ambiguity in the role of an expert as consulting or testifying should re resolved in favor of disclosure.").

Accordingly, Defendant cannot shield the communications between Mr. Young and Mr. Doolittle on the basis that the communications occurred before Mr. Young switched roles from a consulting expert to a testifying expert. Defendant's argument to the contrary would eviscerate Rule 26's provisions regarding expert discovery. From a practical

standpoint, most experts are not "designated" as testifying experts until the time their reports are produced (which is normally set by the court in a scheduling order).

Accordingly, Plaintiff is entitled to another deposition of Mr. Young to inquire about his communications with non-attorney employees of Defendant, including Mr. Doolittle. Defendant's objection (made during the deposition) that the communications are privileged because Mr. Doolittle was acting at the behest of Jonice Mezeire, in-house counsel, is overruled. Rule 26(b)(4)(C) protects communications (with three specific exceptions) between attorneys and experts. Defendant has not satisfied the court that protection should extend to Mr. Doolittle or other non-attorney employees of Defendant.

Defendant is ordered to coordinate a second deposition of Mr. Young at a date and time convenient to all counsel. The second deposition shall not exceed two hours of questioning by counsel for Plaintiff. Defendant is ordered to pay attorney's fees to Plaintiff in the amount of $2,500 in connection with this motion and the second deposition. Payment is due by April 15, 2011.

Plaintiff's request for a copy of Mr. Young's initial report is denied. The court finds, under the somewhat unique circumstances presented here, that the initial report constitutes a draft expert report protected under Rule 26(b)(4)(B).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of April, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE